**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com

Alexander D. Brown, Esq. (*Pro Hac Vice* application to be filed)
Fla Bar No. 752665
abrown@conceptlaw.com
Scott Smiley, Esq. (*Pro Hac Vice* application to be filed)
Fla Bar No. 678341
scott@conceptlaw.com
Robert C. Kain, Jr., Esq. (*Pro Hac Vice* application to be filed)
Fla Bar No. 266760
rkain@conceptlaw.com
Zac Davis, Esq. (*Pro Hac Vice* application to be filed)
Fla Bar No. 1039020
zdavis@conceptlaw.com
Concept Law Group, P.A.
6400 N. Andrews Ave., Ste. 500,
Ft. Lauderdale, FL 33309
Tel: 754.300.1500

Attorneys for Plaintiff Joovv, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joovv, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Mito Red Light, Inc., an Arizona corporation,<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

23417-23417-00001\\MCS\\DAG\\5563774.1

Plaintiff, JOOVV, INC., a Delaware corporation, files this Complaint for Patent Infringement against Defendant, MITO RED LIGHT, INC., an Arizona corporation, and states:

## JURISDICTION, VENUE AND THE PARTIES

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*

2. This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States.

3. At all times material hereto, Joov, Inc., a Delaware corporation, ("Joovv") had and has its principal address located in Orange County, California.

4. At all times material hereto, MITO RED LIGHT, INC., an Arizona corporation, ("Mitored") has and had its principal address located in Maricopa County, Arizona.

5. This action arises as a result of the infringing conduct of Mitored, which implicates interstate commerce.

6. Venue is proper in the District of Arizona, Phoenix Division, pursuant to Title 28, United States Code, Section 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides."

7. All conditions precedent has been met, waived, or satisfied to bring this lawsuit.

## GENERAL ALLEGATIONS

8. Since 2016, under the JOOVV® brand, Joovv has designed, marketed, and sold a number of market-leading LED red light therapy devices. These LED devices are medical grade and emit LED Red and NIR (Near Infrared) light to optimize a user's

cellular function. Joovv's products are intended to provide topical heating for the purpose of elevating tissue temperature for: temporary relief of minor muscle pain, joint pain, minor arthritis pain, muscle spasms, temporary increase in local blood circulation, and temporary relaxation of muscles.

9. In order to protect its valuable LED light therapy inventions, Joovv has filed for and received several patents covering said inventions, including but not limited to:

A. U.S. Patent No. 10,639,495, titled *Photobiomodulation Therapy Systems and Methods* (the "'495 Patent") *See Exhibit A.* (This patent was subject to an *Ex Parte Reexamination* and was reissued on February 10, 2022);

B. U.S. Patent No. 10,828,505, titled *Therapeutic Light Source and Hanging Apparatus* (the "'505 Patent") *See Exhibit B*;

C. U.S. Patent No. 10,478,635 titled *Photobiomodulation Therapy Systems and Methods* (the "'635 Patent") *See Exhibit C.* (This patent was subject to an *Ex Parte Reexamination* and was reissued on March 11, 2022);

D. U.S. Patent No. 11,253,719 titled *Photobiomodulation Therapy Systems and Methods* (the "'719 Patent") *See Exhibit D*;

E. U.S. Patent No. 11,033,752 titled *Photobiomodulation Therapy Systems and Methods* (the "'752 Patent") *See Exhibit E*;

F. U.S. Patent No. 11,524,172 titled *Photobiomodulation Therapy Systems and Methods* (the "'172 Patent") *See Exhibit F*;

G. U.S. Design Patent No. D963,873 titled *Floor Stand for a Photobiomodulation Therapy Device* (the "'873 Design Patent") *See Exhibit G*;

(collectively, the "Joovv Patents").

10. Mitored is a direct competitor of Joovv and manufactures similar, competitive, albeit inferior, LED light therapy devices marketed under the series names of "Mito Red Original," "Mito Red Original 2.0," "MitoMOD," "MitoMODULAR," "Mito Red Room," "MitoPERFORM," "MitoPERFORM Commercial," "MitoPRO,"

3

1  "MitoPRO Commercial," and "MitoADAPT." Mitored also sells racks, stands, multi-light setups, and mounting systems as accessories which are used in combination with its LED light therapy devices (collectively, these LED light therapy devices, racks, stands and mounting systems are "Accused Infringing Products"). These Accused Infringing Products were and are offered for sale *at least* on Mitored's website, at https://mitoredlight.com/.

11.  Mitored began selling the Accused Infringing Products in or around 2019 – approximately two (2) years after Joovv began selling its Products. Mitored's and Joovv's products are strikingly similar as shown below.

Joovv's LED therapy light panels         Mitored's LED therapy light panels

  

12.  In or around late 2019, Joovv first became aware that Mitored was making, using, advertising, and selling one or more light therapy devices, namely, the Accused Infringing Products, which read on, *at a minimum*, one or more patent claims in the '635 Patent.

13.  Accordingly, on January 20, 2020, counsel for Joovv placed Mitored on written notice of same and demanded that it cease all marketing and sales of products

reading upon any of the claims of the '635 Patent. *See* Composite Exhibit H, pg. 2. A preliminary infringement analysis comparing the patent claims to a Mitored product was included as an exhibit to the letter.

14. Mitored's only response indicated they obtained patent counsel and that further communications should be directed to such counsel. *See* Composite Exhibit H, pg. 7.

15. Then, in 2020, the USPTO issued the '495 and '505 Patents. Also in April 2020, the USPTO indicated that it would approve, as being patentable, claims in the then-pending patent application that matured into the '752 Patent.

16. Therefore, on April 5, 2021, Joovv's counsel sent another letter notifying Mitored that the Accused Infringing Products also infringed one or more of the Joovv Patents, namely the '505 and the '495 Patents, including the approved, but not yet issued, '752 Patent. *See* Composite Exhibit H, pg. 8.

17. Once again, Mitored failed to substantively respond and its infringing conduct has continued to this day.

18. In 2021, the USPTO issued the '752 Patent to Joovv. *See* Exhibit E.

19. Meanwhile, in and around the same time frame during which Joovv was communicating with Mitored demanding cessation of its infringing conduct, Joovv continued to police its patent portfolio across the industry.

20. In such policing efforts, Joovv also demanded the cessation of infringement activity by Platinum LED Holdings, LLC ("Platinum LED").

21. As a direct consequence of Joovv's policing enforcement efforts, the '495 Patent and '635 Patent became the subject of *ex parte* reexamination proceedings before the USPTO initiated by infringer Platinum LED. Such efforts, however, failed as both patents were reissued on February and March 2022, respectively.

22. Also in 2022, the USPTO issued the '719 Patent, the '172 Patent and the '873 Design Patent to Joovv.

23. Following the reissuance of the '495 Patent and '635 Patent with reexamination certificates, Joovv recommenced its enforcement efforts and, on May 31, 2022, instituted patent infringement litigation under the style, *Joovv, Inc. v. Platinum LED Holdings, LLC*, Case No. 6:22-cv-00965 (S.D. Fla.) (hereinafter the "Platinum LED Litigation").

24. On March 21, 2023, the Platinum LED Litigation concluded, *in part*, through entry of a Consent Injunction whereby Platinum LED is forever enjoined from infringing on any of Joovv's patents.

25. With the conclusion of the Platinum LED Litigation, Joovv was able to refocus its policing efforts on Mitored, at which time it became clear that Mitored continued its caviler and reckless attitude towards its misappropriation of Joovv's intellectual property.

26. This litigation was thus necessitated by Mitored's continued unlawful conduct.

27. To be clear, Mitored's actions are harmful inasmuch as the Joovv Patents inure economic benefit to Joovv as Joovv makes, uses, sells, and/or offers for sale LED light therapy devices that are the same or substantially similar to those devices claimed in the Joovv Patents.

28. The Joovv Patents are in force and enjoy a presumption of validity pursuant to 35 U.S.C. § 282.

29. Mitored continues to make, sell, offer for sale, use, and/or have, directly or indirectly, unjustly received and retained profits from the Accused Infringing Products in the United States.

30. As demonstrated by its willful disregard of Joovv's notice letters and intellectual property rights, Mitored has long been aware that the Accused Infringing Products infringe upon the Joovv Patents and that making, using, selling, and offering the Accused Infringing Products for sale in the United States is prohibited by United States law, specifically 35 U.S.C. § 271.

31. Joovv marks its light therapy devices as being patented and its website lists the aforementioned patents, thereby giving further notice to Mitored, Joovv's competitors, and the public of its patent rights. See https://joovv.com/pages/patent.

32. Mitored does not have a license, sub-license, or other authorization from Joovv to make, use, sell, or offer to sell the Accused Infringing Products or any product which reads on the claims of the Joovv Patents in the United States.

33. Mitored is actively selling, distributing, selling, and/or offering for sale the Accused Infringing Products as well as promoting, advertising, and instructing others to use the Accused Infringing Products thereby inducing others to infringe Joovv's Patents, all with the knowledge and intent that such sales, promotions, and instructions are being made without authority of Joovv.

34. Joovv has suffered damages, lost profits and other economic harm as a direct and proximate result of Mitored's infringement of the Joovv Patents.

35. Joovv has and continues to suffer irreparable harm as a result of Mitored's infringement.

36. Joovv has no adequate remedy at law.

37. Justice and the balance of the equities favor entry of permanent injunctive relief restraining and enjoining Mitored, and those acting in concert with it, or at their direction, from making, using, selling, or offering for sale products that infringe upon the Joovv Patents and from promoting, advertising, instructing and inducing others to infringe the Joovv Patents.

38. As a direct and proximate result of Mitored's actions, Joovv has been forced to incur litigation costs and retain the undersigned law firm to represent them in this action and has agreed to pay them a reasonable fee for their services.

. . . .

. . . .

. . . .

# COUNT I – WILLFUL PATENT INFRINGEMENT

## ('495 Patent)

39. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

40. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

41. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '495 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of *at least* Claim 1 of the '495 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products is attached as *Exhibit I*.

42. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '495 Patent by continuing to manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id*.

43. All such infringing conduct of Mitored has occurred and was committed in a willful manner by at least its knowledge of the '495 Patent and having received specific accusations of infringement and preliminary claims charts in Joovv's multiple notice letters, all to no avail. *See* Composite Exhibit H, pg. 8.

44. Moreover, Joovv marks its patented products and publicly lists its patents, including the '495 Patent, prominently on its website, thereby giving Mitored even further notice of Joovv's patent rights.

45. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

46. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, inter alia, treble damages, and to recoup its attorneys' fees in this

action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## COUNT II – WILLFUL PATENT INFRINGEMENT

### ('505 Patent)

47. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

48. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

49. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '505 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of *at least* Claim 1 of the '505 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products are attached as *Exhibit J*.

50. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '505 Patent by continuing to manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id.*

51. All such infringing conduct of Mitored has occurred and was committed in a willful manner by at least its knowledge of the '505 Patent and having received specific accusations of infringement and preliminary claims charts in Joovv's multiple notice letters, all to no avail. *See* Composite Exhibit H, pg. 8.

52. Moreover, Joovv marks its patented products and publicly lists its patents, including the '505 Patent, prominently on its website, thereby giving Mitored even further notice of Joovv's patent rights.

53. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

54. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## **COUNT III – WILLFUL PATENT INFRINGEMENT**

### **('635 Patent)**

55. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

56. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

57. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '635 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of *at least* Claim 1 of the '635 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products is attached as *Exhibit K*.

58. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '635 Patent by continuing to manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id*.

59. All such infringing conduct of Mitored has occurred and was committed in a willful manner by at least its knowledge of the '635 Patent and having received specific accusations of infringement and preliminary claims charts in Joovv's multiple notice letters, all to no avail. *See* Composite Exhibit H, pg. 2.

60. Moreover, Joovv marks its patented products and publicly lists its patents, including the '635 Patent, prominently on its website, thereby giving Mitored even further notice of Joovv's patent rights.

61. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

62. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## COUNT IV – WILLFUL PATENT INFRINGEMENT

### ('719 Patent)

63. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

64. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

65. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '719 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of *at least* Claim 1 of the '719 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products is attached as *Exhibit L*.

66. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '719 Patent by continuing to manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id*.

67. All such infringing conduct of Mitored has occurred and will continue to occur.

68. All such infringing conduct of Mitored has occurred and was committed in a willful manner because Mitored had actual notice of its infringement of the '635, '495, '505, and '752 Patents and Joovv marks its patented products and publicly lists its

patents, including the '719 Patent, prominently on its website. Having received specific accusations of infringement for these four (4) Joovv Patents and provided public access to Joovv's website, Mitored was on notice of the '719 Patent.

69. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

70. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## COUNT V – WILLFUL PATENT INFRINGEMENT

### ('752 Patent)

71. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

72. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

73. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '752 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of *at least* Claim 1 of the '752 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products is attached as *Exhibit M*.

74. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '752 Patent by continuing to manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id*.

75. All such infringing conduct of Mitored has occurred and was committed in a willful manner by at least its knowledge of the '752 Patent and having received specific

accusations of infringement from and preliminary claims charts in Joovv's notice letters referencing the U.S. Patent Publication No. 2020/0121944, all to no avail. *See* Composite Exhibit H, pg. 8.

76. Moreover, Joovv marks its patented products and publicly lists its patents, including the '752 Patent, prominently on its website, thereby giving Mitored even further notice of Joovv's patent rights.

77. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

78. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## COUNT VI – WILLFUL PATENT INFRINGEMENT

### ('172 Patent)

79. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

80. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

81. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, *at least* Claim 1 of the '172 Patent by making, using, selling, and/or offering for sale the Accused Infringing Products. A claims chart demonstrating Mitored's infringement of at least Claim 1 of the '172 Patent through its marketing and sale of an exemplary number of the Accused Infringing Products is attached as *Exhibit N*.

82. Separately, Mitored's actions have induced and continue to induce consumers to infringe one or more claims of Joovv's '752 Patent by continuing to

manufacture, market and sell the Accused Infringing Products directly to consumers while providing instructions on how to operate the Accused Infringing Products. *See id.*

83. All such infringing conduct of Mitored has occurred and will continue to occur.

84. All such infringing conduct of Mitored has occurred and was committed in a willful manner because Mitored had actual notice of its infringement of the '635, '495, '505, and '752 Patents and Joovv marks its patented products and publicly lists its patents, including the '172 Patent, prominently on its website. Having received specific accusations of infringement for these four (4) Joovv Patents and provided access to Joovv's website, Mitored was on notice of the '172 Patent.

85. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

86. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## COUNT VII – WILLFUL PATENT INFRINGEMENT

### ('873 Design Patent)

87. Plaintiff realleges and re-avers all paragraphs of this Complaint as if fully set forth herein.

88. This is an action for direct and indirect patent infringement pursuant to Title 35, United States Code, Section 271 of the United States Patent Act.

89. Mitored has infringed and continues to infringe, literally and under the doctrine of equivalents, the '873 Design Patent by making, using, selling, and/or offering for sale the stand used in connection with the Accused Infringing Products, said stand which is ornamentally designed in a substantially similar manner as that described in the '873 Design Patent.

90. For example, the compared images below demonstrate that Mitored's stand has been ornamentally designed in a substantially similar manner as that described in the '873 Design Patent:

| '873 Design Patent | Mitored's Floor Stand Design |
|---|---|
|  |  |

91. All such infringing conduct of Mitored has occurred and will continue to occur.

92. All such infringing conduct of Mitored has occurred and was committed in a willful manner, *inter alia*, because Mitored had notice of its infringement of the '635, '495, '505, and '752 Patents, and because Joovv marks its patented products and publicly lists its patents, including the '873 Design Patent, prominently on its website. Having received specific accusations of infringement for these four (4) Joovv Patents and provided access to Joovv's website, Mitored was on notice of the '873 Design Patent.

93. Mitored's actions have caused and continue to cause irreparable harm to Joovv, for which there is no adequate remedy at law.

94. Mitored's conduct in this instance is exceptional, and, as such, Joovv should be entitled to recover, *inter alia*, treble damages wherever allowable, and to recoup its attorneys' fees in this action pursuant to 35 USC § 285, which provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

## **PRAYER FOR RELIEF**

WHEREFORE, Joovv respectfully demands judgment against Mitored, said judgment which should include provisions:

1. Permanently enjoining Mitored and all of those acting in concert with it, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from using, making, selling, or offering to sell the Accused Infringing Products, and all colorable imitations and variations thereof;

2. Compensating Joovv for the full amount of damages sustained, including, but not limited to, any and all damage remedies available pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*, which include, but are not limited to, lost profits, a reasonable royalty award, and, in the case of the '873 Design Patent, disgorgement of profits;

3. Declaring this case exceptional and trebling all damages awarded to Joovv;

4. Imposition of all pre- and post-judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Joovv;

5. Awarding remuneration of all attorneys' fees (pursuant to 35 USC § 285), costs and expenses for Joovv having to investigate, prepare and prosecute this action; and

6. For such further and additional relief this Court deems just and proper under the circumstances.

## **PRAYER FOR RELIEF**

Joovv demands a trial by jury of all issues so triable as a matter of law.

. . . .

. . . .

. . . .

16

DATED this 13th day of June, 2023.

           **Jaburg & Wilk, P.C.**

           /s/*Maria Crimi Speth*
           Maria Crimi Speth
           3200 N. Central Avenue, 20th Floor
           Phoenix, AZ 85012

           Alexander D. Brown, Esq. (Pro Hac Vice application to be filed)
           Fla. Bar No. 752665
           abrown@conceptlaw.com
           Scott Smiley, Esq. (Pro Hac Vice application to be filed)
           Fla. Bar No. 678341
           scott@conceptlaw.com
           Robert C. Kain, Jr., Esq. (Pro Hac Vice application to be filed)
           Fla Bar No. 266760
           rkain@conceptlaw.com
           Zac Davis, Esq. (Pro Hac Vice application to be filed)
           Fla Bar No. 1039020
           zdavis@conceptlaw.com
           CONCEPT LAW GROUP, P.A.
           6400 N. Andrews Ave., Ste. 500,
           Ft. Lauderdale, FL 33309
           Tel: 754.300.1500

           Attorneys for Plaintiff Joovv, Inc.